DOCKETED

JAN 3 0 2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LEE THOMPSON, Individually and as Independent )
Administrator of the Estate of JAMES THOMPSON, )
Deceased, and PAULETTE WHITE-THOMPSON, )
)
           Plaintiffs, )    No.: 01 C 8883
)
           v. )
)
CITY OF CHICAGO; OFFICER BRADLEY HESPE, )
Star No. 15218, In his Individual and Official Capacities; )
OFFICER ERIC REYES, Star No. 10126, In his Individual )
and Official Capacities; OFFICER BRENDAN )
DOUGHERTY, Star No. 5329, In his Individual and )
Official Capacities; OFFICER SHAWN RELLINGER, )
Star No. 7193; In his Individual and Official Capacities; )
OFFICER BRIAN CYGNAR, Star No. 11336, In his )
Individual and Official Capacities; OFFICER MICHAEL )
KOZENKO, Star No. 7577, In his Individual and Official )
Capacities; OFFICER ANTHONY BAUMAN, Star No. )
7487, In his Individual and Official Capacities; OFFICER )
MARK GOLOSINSKI, Star No. 5432, In his Individual )
and Official Capacities; OFFICER JOSE CARDO, Star )
No. 11637, In his Individual and Official Capacities; )
OFFICER NICHOLAS SPANOS, Star No. 9467, In his )
Individual and Official Capacities; DETECTIVE )
RAYMOND KAMINSKI, Star No. 20822, In his )
Individual and Official Capacities; and DETECTIVE )
JOHN FITZSIMMONS, Star No. 5446, In his Individual )
and Official Capacities. )
)
           Defendants. )

FILED

JAN 2 6 2004

JUDGE AMY ST. EVE
United States District Court

## SECOND AMENDED COMPLAINT

Now come the Plaintiffs, LEE THOMPSON, Individually and as Independent

Administrator of the Estate of JAMES THOMPSON, Deceased, and PAULETTE WHITE-

THOMPSON, by and through their attorneys, Randall W. Schwartz and Parente & Norem, P.C.,

and complain of the Defendants, CITY OF CHICAGO, OFFICER BRADLEY HESPE, Star No.

65

15218, In his Individual and Official Capacities; OFFICER ERIC REYES, Star No. 10126, In his Individual and Official Capacities; OFFICER BRENDAN DOUGHERTY, Star No. 5329, In his Individual and Official Capacities; OFFICER SHAWN RELLINGER, Star No. 7193; In his Individual and Official Capacities; OFFICER BRIAN CYGNAR, Star No. 11336, In his Individual and Official Capacities; OFFICER MICHAEL KOZENKO, Star No. 7577, In his Individual and Official Capacities; OFFICER ANTHONY BAUMAN, Star No. 7487, In his Individual and Official Capacities; OFFICER MARK GOLOSINSKI, Star No. 5432, In his Individual and Official Capacities; OFFICER JOSE CARDO, Star No. 11637, In his Individual and Official Capacities; OFFICER NICHOLAS SPANOS, Star No. 9467, In his Individual and Official Capacities; DETECTIVE RAYMOND KAMINSKI, Star No. 20822, In his Individual and Official Capacities; and DETECTIVE JOHN FITZSIMMONS, Star No. 5446, In his Individual and Official Capacities, as follows:

## PARTIES

1.      Plaintiff LEE THOMPSON is an adult citizen of the United States and a resident of the State of Illinois and is the mother and duly-appointed Independent Administrator of the Estate of JAMES THOMPSON, Deceased.

2.      Plaintiff PAULETTE WHITE-THOMPSON is an adult citizen of the United States and a resident of the State of Illinois and is the widow of the Decedent, JAMES THOMPSON.

3.      Defendant CITY OF CHICAGO is a municipal corporation organized and existing under the laws of the State of Illinois, and at all times relevant, was providing police services in the City of Chicago through the Chicago Police Department.

2

4.  Defendant OFFICER BRADLEY HESPE, Star No. 15218, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

5.  Defendant OFFICER ERIC REYES, Star No. 10126, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

6.  Defendant OFFICER BRENDAN DOUGHERTY, Star No. 5329, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

7.  Defendant OFFICER SHAWN RELLINGER, Star No. 7193, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

8.  Defendant OFFICER BRIAN CYGNAR, Star No. 11336, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting

within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

9.      Defendant OFFICER JOSE CARDO, Star No. 11637, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

10.      Defendant OFFICER NICHOLAS SPANOS, Star No. 9467, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

11.      Defendant OFFICER MICHAEL KOZENKO, Star No. 7577, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

12.      Defendant OFFICER ANTHONY BAUMAN, Star No. 7847, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

13.      Defendant OFFICER MARK GOLOSINSKI, Star No. 5432, is a citizen of the

4

United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

14.    Defendant DETECTIVE RAYMOND KAMINSKI, Star No. 20822, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

15.    Defendant DETECTIVE JOHN FITZSIMMONS, Star No. 5446, is a citizen of the United States and a resident of the State of Illinois, and at all times relevant, was acting under the color of law, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and acting within the scope of his agency, service, and/or employment with Defendant CITY OF CHICAGO.

## JURISDICTION and VENUE

16.    This is an action brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Illinois.

17.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

18.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that all Defendants are residents of this district and all the acts or omissions which give rise to this cause of action

5

occurred in this district.

## FACTS

19.     On December 5, 2000, the decedent, JAMES THOMPSON, was operating a motor vehicle and was pursued by Defendants HESPE, REYES, DOUGHERTY, RELLINGER, CYGNAR, CARDO, SPANOS, KOZENKO, BAUMAN, and GOLOSINSKI, along and upon Maypole Street in the City of Chicago.

20.     On December 5, 2000, the vehicle operated by JAMES THOMPSON came to a stop, and Defendants HESPE, REYES, DOUGHERTY, RELLINGER, and CYGNAR attempted to forcibly remove JAMES THOMPSON from his vehicle.

21.     In an effort to seize and/or arrest JAMES THOMPSON, Defendant HESPE placed JAMES THOMPSON in a "strangle" or "choke" hold, or in such a manner as to deprive JAMES THOMPSON of oxygen for an extended period of time.

22.     While Defendant HESPE placed JAMES THOMPSON in a "strangle" or "choke" hold, Defendants REYES, DOUGHERTY, RELLINGER, and CYGNAR restrained JAMES THOMPSON's hands, arms, and legs.

23.     While Defendant HESPE was placing JAMES THOMPSON in a "strangle" or "choke" hold, Defendants REYES, DOUGHERTY, RELLINGER, CYGNAR, KOZENKO, BAUMAN and GOLOSINSKI witnessed the restraint, yet did not intervene to assist JAMES THOMPSON in any way, nor did they in any way prevent Defendant HESPE from placing JAMES THOMPSON in a "strangle" or "choke" hold, or in such a manner that deprived JAMES THOMPSON of oxygen for an extended period of time.

6

24.     At no time did JAMES THOMPSON pose a threat of death or imminent bodily harm to himself or others.

25.     During and following the administration of the "strangle" or "choke" hold by Defendant HESPE, the decedent struggled to breathe.

26.     At no time during or following the administration of the "strangle" or "choke" hold by Defendant HESPE, did any Defendant administer or attempt to provide medical assistance to JAMES THOMPSON.

27.     As a direct and proximate result of the "strangle" or "choke" hold placed on JAMES THOMPSON by Defendant HESPE, JAMES THOMPSON died of asphyxia.

## COUNT I - 42 U.S.C. § 1983 v. HESPE

1-27     Plaintiffs reallege paragraphs 1-27 of this Complaint as paragraphs 1-27 of this Count I as though fully set forth herein.

28.     The conduct of Defendant HESPE in seizing JAMES THOMPSON described above was objectively unreasonable, constituted the use of excessive force, and deprived JAMES THOMPSON of his right to be secure in his person against unreasonable seizure as guaranteed to the decedent under the Fourth Amendment to the United States Constitution.

29.     The conduct of Defendant HESPE as described above deprived Plaintiffs LEE THOMPSON and PAULETTE WHITE-THOMPSON of their right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to decedent under the Fourteenth Amendment to the United States Constitution.

30.     As a direct and proximate result of the conduct of Defendant HESPE, JAMES

7

THOMPSON, suffered substantial and permanent injuries prior to his death, including pain and suffering, and as a further direct and proximate result of JAMES THOMPSON's death, Plaintiffs LEE THOMPSON and PAULETTE WHITE-THOMPSON suffered substantial and permanent injuries, including mental pain and suffering, pecuniary loss, and the loss of decedent's society.

31.    The conduct of Defendant HESPE was intentional, wanton, malicious, and oppressive, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs, LEE THOMPSON, Individually and as Independent Administrator of the Estate of JAMES THOMPSON, Deceased, and PAULETTE WHITE-THOMPSON, pray for judgment in their favor and against Defendant OFFICER BRADLEY HESPE, Star No. 15218, In his Individual and Official Capacities, in an amount in excess of the jurisdictional limit of this Court.

### COUNT II – STATE LAW (SURVIVAL) v. CITY OF CHICAGO and HESPE

1-27.    Plaintiffs reallege paragraphs 1-27 of this Complaint as paragraphs 1-27 of this Count II as though fully set forth herein.

28.    At all times relevant, it was the duty of Defendants HESPE and CITY OF CHICAGO, by and through its authorized agents, servants, and/or employees acting within the scope of their agency, service, and/or employment, to refrain from willful and wanton conduct exhibiting a reckless or intentional disregard for the safety of others, including the decedent.

29.    Notwithstanding said duty, Defendants HESPE and CITY OF CHICAGO, by and through its authorized agents, servants, and/or employees acting within the scope of their agency, service, and/or employment, committed one or more of the following willful and wanton acts

8

and/or omissions:

     a.     Recklessly or intentionally placed JAMES THOMPSON in a "strangle" or "choke" hold under circumstances which presented no threat of harm to Defendants or others;

     b.     Recklessly or intentionally restrained JAMES THOMPSON in such a manner so as to deprive him of oxygen for an extended period of time; and

     c.     Recklessly or intentionally used deadly force against JAMES THOMPSON under circumstances which presented no threat of death or serious bodily harm to Defendants or others.

     30.     As a direct and proximate result of one or more of the foregoing reckless or intentional acts and/or omissions, JAMES THOMPSON suffered severe and permanent injuries of a personal and pecuniary nature, including pain and suffering prior to his death and medical expenses.

     WHEREFORE, Plaintiffs, LEE THOMPSON, as Independent Administrator of the Estate of JAMES THOMPSON, Deceased, prays for judgment in her favor and against Defendants CITY OF CHICAGO and OFFICER BRADLEY HESPE, Star No. 15218, In his Individual and Official Capacities, in an amount in excess of the jurisdictional limit of this Court.

**COUNT III – STATE LAW (WRONGFUL DEATH) v. CITY OF CHICAGO and HESPE**

     1-29.     Plaintiffs reallege paragraphs 1-29 of Count II of this Complaint as paragraphs 1-29 of this Count III as though fully set forth herein.

     30.     Decedent JAMES THOMPSON, left surviving him as next-of-kin his wife, PAULETTE WHITE-THOMPSON.

     31.     As a direct and proximate result of the decedent's death, the decedent's next-of-kin

has suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent.

WHEREFORE, Plaintiffs, LEE THOMPSON, as Independent Administrator of the Estate of JAMES THOMPSON, Deceased, prays for judgment in her favor and against Defendants CITY OF CHICAGO and OFFICER BRADLEY HESPE, Star No. 15218, In his Individual and Official Capacities, in an amount in excess of the jurisdictional limit of this Court.

### COUNT IV - 42 U.S.C. § 1983 v. REYES, RELLINGER, DOUGHERTY, CYGNAR, KOZENKO, BAUMAN, and GOLOSINSKI

1-31. Plaintiffs reallege paragraphs 1-31 of Count I of this Complaint as paragraphs 1-31 of this Count IV as though fully set forth herein.

32. The conduct of Defendants REYES, RELLINGER, DOUGHERTY, CYGNAR, KOZENKO, BAUMAN, and GOLOSINSKI, in failing to prevent Defendant HESPE from using objectively unreasonable and excessive force against JAMES THOMPSON, deprived JAMES THOMPSON of his right to be secure in his person against unreasonable seizure as guaranteed to the decedent under the Fourth and Fourteenth Amendments to the United States Constitution.

33. The conduct of Defendants REYES, RELLINGER, DOUGHERTY, CYGNAR, KOZENKO, BAUMAN, and GOLOSINSKI, as described above deprived Plaintiffs LEE THOMPSON and PAULETTE WHITE-THOMPSON of their right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to decedent under the Fourteenth Amendment to the United States Constitution.

34. As a direct and proximate result of the conduct of REYES, RELLINGER,

10

DOUGHERTY, CYGNAR, KOZENKO, BAUMAN, and GOLOSINSKI, JAMES THOMPSON suffered substantial and permanent injuries prior to his death, including pain and suffering, and as a further direct and proximate result of JAMES THOMPSON's death, Plaintiffs LEE THOMPSON and PAULETTE WHITE-THOMPSON suffered substantial and permanent injuries, including mental pain and suffering, pecuniary loss, and the loss of decedent's society.

35.     The conduct of Defendants REYES, RELLINGER, DOUGHERTY, CYGNAR, KOZENKO, BAUMAN, and GOLOSINSKI, was intentional, wanton, malicious, and oppressive, entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs, LEE THOMPSON, Individually and as Independent Administrator of the Estate of JAMES THOMPSON, Deceased, and PAULETTE WHITE-THOMPSON, pray for judgment in their favor and against Defendants OFFICER ERIC REYES, Star No. 10126, In his Individual and Official Capacities; OFFICER BRENDAN DOUGHERTY, Star No. 5329, In his Individual and Official Capacities; OFFICER SHAWN RELLINGER, Star No. 7193, In his Individual and Official Capacities; OFFICER BRIAN CYGNAR, Star No. 11336, In his Individual and Official Capacities; OFFICER MICHAEL KOZENKO, Star No. 7577, In his Individual and Official Capacities; OFFICER ANTHONY BAUMAN, Star No. 7487, In his Individual and Official Capacities; OFFICER MARK GOLOSINSKI, Star No. 5432, In his Individual and Official Capacities, in an amount in excess of the jurisdictional limit of this Court.

## COUNT V – STATE LAW (SURVIVAL) v. CITY OF CHICAGO, REYES, RELLINGER, DOUGHERTY, CYGNAR, KOZENKO, BAUMAN, and GOLOSINSKI

1-30.    Plaintiffs reallege paragraphs 1-30 of Count II of this Complaint as paragraphs 1-30

11

of this Count V as though fully set forth herein.

31.     At all times relevant, it was the duty of Defendants CITY OF CHICAGO, by and through its authorized agents, servants, and/or employees acting within the scope of their agency, service, and/or employment, REYES, RELLINGER, DOUGHERTY, CYGNAR, KOZENKO, BAUMAN, and GOLOSINSKI, to refrain from willful and wanton conduct exhibiting a reckless or intentional disregard for the safety of others, including the decedent.

32.     At the time Defendant HESPE placed JAMES THOMPSON in a "strangle" or "choke" hold, Defendants CITY OF CHICAGO, REYES, RELLINGER, DOUGHERTY, CYGNAR, KOZENKO, BAUMAN, and GOLOSINSKI, owed the decedent a special duty to prevent HESPE from engaging in willful and wanton conduct or otherwise injuring Plaintiff's decedent.

33.     Notwithstanding said duties, Defendants CITY OF CHICAGO, REYES, RELLINGER, DOUGHERTY, CYGNAR, KOZENKO, BAUMAN, and GOLOSINSKI, committed one or more of the following willful and wanton acts and/or omissions:

a.      Recklessly or intentionally failed to prevent Defendant HESPE from placing JAMES THOMPSON in a "choke" or "strangle" hold;

b.      Recklessly or intentionally failed to prevent Defendant HESPE from restraining JAMES THOMPSON in such a manner as to deprive him of oxygen for an extended period of time; and

c.      Recklessly or intentionally failed to prevent the use of deadly force against JAMES THOMPSON under circumstances in which JAMES THOMPSON presented no threat of death or

12

serious bodily harm to Defendants or others.

34. As a direct and proximate result of one or more of the foregoing reckless or intentional acts and/or omissions, JAMES THOMPSON suffered severe and permanent injuries of a personal and pecuniary nature, including pain and suffering prior to his death and medical expenses.

WHEREFORE, Plaintiff, LEE THOMPSON, as Independent Administrator of the Estate of JAMES THOMPSON, Deceased, prays for judgment in her favor and against Defendants CITY OF CHICAGO; OFFICER ERIC REYES, Star No. 10126, In his Individual and Official Capacities; OFFICER BRENDAN DOUGHERTY, Star No. 5329, In his Individual and Official Capacities; OFFICER SHAWN RELLINGER, Star No. 7193, In his Individual and Official Capacities; OFFICER BRIAN CYGNAR, Star No. 11336, In his Individual and Official Capacities; OFFICER MICHAEL KOZENKO, Star No. 7577, In his Individual and Official Capacities; OFFICER ANTHONY BAUMAN, Star No. 7487, In his Individual and Official Capacities; OFFICER MARK GOLOSINSKI, Star No. 5432, In his Individual and Official Capacities, in an amount in excess of the jurisdictional limit of this Court.

## COUNT VI – STATE LAW (WRONGFUL DEATH) v. CITY OF CHICAGO, REYES, RELLINGER, DOUGHERTY, CYGNAR, KOZENKO, BAUMAN, and GOLOSINSKI

1-33. Plaintiffs reallege paragraphs 1-33 of Count V of this Complaint as paragraphs 1-33 of this Count VI as though fully set forth herein.

34. Decedent JAMES THOMPSON, left surviving him as next-of-kin his wife, PAULETTE WHITE-THOMPSON.

13

35. As a direct and proximate result of the decedent's death, the decedent's next-of-kin has suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent.

WHEREFORE, Plaintiff, LEE THOMPSON, as Independent Administrator of the Estate of JAMES THOMPSON, Deceased, prays for judgment in her favor and against Defendants CITY OF CHICAGO; OFFICER ERIC REYES, Star No. 10126, In his Individual and Official Capacities; OFFICER BRENDAN DOUGHERTY, Star No. 5329, In his Individual and Official Capacities; OFFICER SHAWN RELLINGER, Star No. 7193, In his Individual and Official Capacities; OFFICER BRIAN CYGNAR, Star No. 11336, In his Individual and Official Capacities; OFFICER MICHAEL KOZENKO, Star No. 7577, In his Individual and Official Capacities; OFFICER ANTHONY BAUMAN, Star No. 7487, In his Individual and Official Capacities; OFFICER MARK GOLOSINSKI, Star No. 5432, In his Individual and Official Capacities, in an amount in excess of the jurisdictional limit of this Court.

**COUNT IV – STATE LAW (CIVIL CONSPIRACY) v. ALL DEFENDANTS**

1-27. Plaintiff reallege paragraphs 1-27 of this Complaint as paragraphs 1-27 of this Count IV as though fully set forth herein.

28. Following the administration of the "choke" or "strangle" hold by Defendant HESPE, decedent, JAMES THOMPSON became unresponsive and died.

29. At that time, Defendants CARDO, SPANOS, KOZENKO, BAUMAN, GOLOSINSKI, HESPE, REYES, DOUGHERTY, RELLINGER, and CYGNAR, formed an agreement with each other to attempt to cover-up their unlawful conduct and involvement with

14

JAMES THOMPSON's injuries, by giving false and fraudulent official statements regarding their involvement with JAMES THOMPSON.

30. Pursuant to and in furtherance of that agreement, Defendants CARDO, SPANOS, KOZENKO, BAUMAN, GOLOSINSKI, HESPE, REYES, DOUGHERTY, RELLINGER, and CYGNAR, prepared false and fraudulent police reports and gave false and fraudulent official statements regarding their involvement with JAMES THOMPSON.

31. Following JAMES THOMPSON's death, Defendants KAMINSKI and FITZSIMMONS were charged with the responsibility of investigating the decedent's death.

32. As part of their investigation, Defendants KAMINSKI and FITZSIMMONS interviewed Defendants KOZENKO, REYES, RELLINGER, CYGNAR, FOUGHERTY, HESPE, BAUMAN, SPANOS, CARDO, and GOLOSINSKI. During and subsequent to those interviews, Defendants KAMINSKI, FITZSIMMONS, KOZENKO, REYES, RELLINGER, CYGNAR, FOUGHERTY, HESPE, BAUMAN, SPANOS, CARDO, and GOLOSINSKI formed an agreement with each other to continue to attempt to cover-up the true circumstances surrounding JAMES THOMPSON's injuries and death.

33. Pursuant to and in furthermore of that agreement, Defendants KAMINSKI and FITZSIMMONS provided false and fraudulent official reports to the Cook County Medical Examiner regarding the circumstances of JAMES THOMPSON's death.

34. Pursuant to and in furthermore of that agreement, Detectives KAMINSKI and FITZSIMMONS falsely and fraudulently told Plaintiffs LEE THOMPSON and PAULETTE WHITE-THOMPSON, that JAMES THOMPSON had died of a heart attack.

15

35.    Pursuant to and in furtherance of that agreement, Detectives KAMINSKI and FITZSIMMONS prevented the circumstances surrounding JAMES THOMPSON's death from being reviewed by the Felony Review Division of the Cook County State's Attorney's Office, despite being under a duty to have the matter so reviewed.

36.    Plaintiffs later discovered that JAMES THOMPSON died of asphyxia as a result of being placed in a choke hold.

37.    As a direct and proximate result of the actions of Defendants, Plaintiffs suffered severe and permanent injuries, including mental and emotional pain and anguish.

WHEREFORE, Plaintiffs, LEE THOMPSON, Individually and as Independent Administrator of the Estate of JAMES THOMPSON, Deceased, and PAULETTE WHITE-THOMPSON, pray for judgment in their favor and against Defendants CITY OF CHICAGO, OFFICER BRADLEY HESPE, Star No. 15218, In his Individual and Official Capacities; OFFICER ERIC REYES, Star No. 10126, In his Individual and Official Capacities; OFFICER BRENDAN DOUGHERTY, Star No. 5329, In his Individual and Official Capacities; OFFICER SHAWN RELLINGER, Star No. 7193, In his Individual and Official Capacities; OFFICER BRIAN CYGNAR, Star No. 11336, In his Individual and Official Capacities; OFFICER JOSE CARDO, Star No. 11637, In his Individual and Official Capacities; OFFICER NICHOLAS SPANOS, Star No. 9467, In his Individual and Official Capacities; OFFICER MICHAEL KOZENKO, Star No. 7577, In his Individual and Official Capacities; OFFICER ANTHONY BAUMAN, Star No. 7487, In his Individual and Official Capacities; OFFICER MARK GOLOSINSKI, Star No. 5432, In his Individual and Official Capacities, DETECTIVE

16

RAYMOND KAMINSKI, Star No. 20822, In his Individual and Official Capacities; and

DETECTIVE JOHN FITZSIMMONS, Star No. 5446, In his Individual and Official Capacities.

PLAINTIFFS DEMAND TRIAL BY JURY

Respectfully submitted,

By: _____
      One of Plaintiffs' Attorneys

Randall W. Schwartz
Parente & Norem, P.C.
221 N. LaSalle St. Suite 463
Chicago, Illinois 60601
(312) 641-5926
fax (312) 641-5929

17